# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTENNATECH, LLC, | ) |
|         Plaintiff, | ) C.A. No. 14-501 (GMS) |
| v. | ) **JURY TRIAL DEMANDED** |
| MACY'S, INC., | ) |
|         Defendant. | ) |

**DEFENDANT MACY'S, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

*Of counsel:*

Daniel H. Brean
Kent E. Baldauf, Jr.
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
(412) 471-8815

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendant Macy's, Inc.*

Dated: May 30, 2014

# TABLE OF CONTENTS

I. FACTUAL BACKGROUND .................................................................................................. 1

II. LEGAL STANDARDS ...................................................................................................... 2

    A. Failure to State a Claim.................................................................................................. 2

    B. Vague and Ambiguous Statements in Pleadings ............................................................ 3

III. ARGUMENT ................................................................................................................... 4

    A. Atennatech's Complaint Fails to Adequately State a Claim and Should be Dismissed ..... 5

    B. Alternatively, Antennatech Should be Ordered to Provide a
More Definite Statement of the Accused Products or Services in its Complaint ............... 7

IV. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**

*Andrulis Pharms. Corp. v. Celgene Corp.*,
   No. 13-1644-RGA, 2014 U.S. Dist. LEXIS 50110 (D. Del. Apr. 10, 2014) .............................. 3

*Applera Corp. v. Thermo Electron Corp.*,
   No. 04-1230, 2005 U.S. Dist. LEXIS 48424 (D. Del. Feb. 25, 2005) ....................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................. 3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) .............................................................................................................. 2, 3

*Eidos Communs., LLC v. Skype Techs. SA,*
   686 F. Supp. 2d 465 (D. Del. 2010) ...................................................................................... 5, 6

*Fifth Mkt., Inc. v. CME Group, Inc.*,
   No. 08-520-GMS, 2009 U.S. Dist. LEXIS 108776 (D. Del. May 14, 2009) ............................. 6

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013) ................................................................................................. 3

*Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.*,
   26 F.R.D. 141 (D. Del. 1960) ................................................................................................ 4, 7

*Macronix Int'l Co. v. Spansion Inc.,*
   No. 3:13-cv-679, 2014 U.S. Dist. LEXIS 31465 (E.D. Va. Mar. 10, 2014) .............................. 3

*Prism Techs., LLC v. AT&T Mobility, LLC*,
   No. 8:12-cv-122, 2012 U.S. Dist. LEXIS 126630 (D. Neb. Sept. 6, 2012) ............................... 6

*St. Clair Intellectual Prop. Consultants v. Apple Inc.*,
   No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280 (D. Del. Sept. 30, 2011) .......................... 4

*Via Vadis, LLC v. Skype, Inc.,*
   No. 11-507, 2012 U.S. Dist. LEXIS 10182 (D. Del. Jan. 27, 2012) .......................................... 3

*Xpoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) .......................................................................................... 5

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1, 2, 5, 7

Federal Rule of Civil Procedure 12(e) ................................................................................. 1, 3, 4, 7

Federal Rule of Civil Procedure 8 ............................................................................................ 2, 3, 6

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendant Macy's, Inc. ("Macy's") hereby moves this Court to dismiss or order a more definite statement in the Complaint filed by Plaintiff Antennatech, LLC ("Antennatech"). Because Antennatech has merely pleaded that unspecified "products or services" infringe its patent, Macy's has no fair notice of what is accused of infringement and cannot meaningfully respond to the averments made by Antennatech. Because Antennatech's Complaint falls short of even the bare-bones Form 18 threshold, the Complaint should be dismissed for failure to state a claim. Alternatively, and at a minimum, Antennatech should be ordered to amend its Complaint to provide a more definite statement as to what it contends forms the basis of its claim.

## I. FACTUAL BACKGROUND

"Macy's, Inc. is one of the nation's premier omnichannel retailers." *See* www.macysinc.com/about-us/. Macy's operates approximately 840 department stores in 45 states under the Macy's and Bloomingdale's brands, and sells products via the websites www.macys.com and www.bloomingdales.com. *Id.* Countless unique products are sold by Macy's. Macy's also uses a wide variety of technology products, systems, and services to facilitate its brick-and-mortar and online businesses for purposes such as inventory logistics, customer account management, and payment processing.

Antennatech purports to own U.S. Patent No. 8,112,131, entitled "Radiative Focal Area Antenna Transmission Coupling Arrangement," which is asserted against Macy's in this action. Complaint, Dkt. 1, at ¶¶ 7-8. In the Complaint, the entirety of Antennatech's averments concerning the basis of the infringement is as follows:

> Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 1 of the '131 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, products or services that, among other features, facilitate near-field

communication ("NFC") with a communication device that has a radiative antenna configured for NFC communication.

*Id.* ¶ 10. The language "facilitate near-field communication ('NFC') with a communication device that has a radiative antenna configured for NFC communication" is essentially paraphrasing choice terms from claim 1, adding only a reference to NFC in particular as the accused means of communication. *See* Claim 1, Dkt. 1-1, at 6:9-39 ("A mobile system arranged to facilitate communication between . . . communication devices . . . [that] have a radiative antenna . . . arranged to permit wireless, controlled communication.").

After receiving the Complaint, Macy's communicated to Antennatech its belief that the Complaint was fatally unclear as to what was accused of infringement. Macy's asked Antennatech to voluntarily amend its Complaint to set forth its infringement allegations with the requisite specificity, but Antennatech refused. Macy's then reluctantly prepared and filed this motion.

## II. LEGAL STANDARDS

### A. Failure to State a Claim

Federal Rule of Civil Procedure 8 requires any civil complaint "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* When a claim falls short of this standard, Rule 12(b)(6) permits the complaint to be dismissed for "failure to state a claim upon which relief can be granted." *Id.*

In the patent infringement context, the Federal Circuit has held that completion of Form 18 of the Federal Rules meets the minimal pleading standards of *Twombly*.[1] *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) ("[T] to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control."). While "complying with Form 18 is the appropriate inquiry, the analysis is not limited to whether the form was simply parroted." *Andrulis Pharms. Corp. v. Celgene Corp.*, No. 13-1644-RGA, 2014 U.S. Dist. LEXIS 50110, at *2 (D. Del. Apr. 10, 2014). "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility. . . . The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities." *K-Tech*, 714 F.3d at 1286 (citation omitted).

B. <u>Vague and Ambiguous Statements in Pleadings</u>

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." As this Court recently explained:

---

[1] Some decisions of this Court have taken a contrary view that Form 18 is too bare-bones to satisfy Rule 8 under *Twombly*. *See, e.g., Via Vadis, LLC v. Skype, Inc.,* No. 11-507, 2012 U.S. Dist. LEXIS 10182, at *6-7 (D. Del. Jan. 27, 2012) (characterizing Form 18 as inconsistent with the new heightened pleading standards announced in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). At least one other court has likewise concluded that Form 18 is insufficient to satisfy an allegation of direct infringement under Rule 8. *See Macronix Int'l Co. v. Spansion Inc.,* No. 3:13-cv-679, 2014 U.S. Dist. LEXIS 31465, at *10-15 (E.D. Va. Mar. 10, 2014) ("Having explained in [*Twombly* and *Iqbal*] how to apply Rule 8(a), the rule that addresses when a complaint suffices, the Supreme Court had no need to also instruct that an insufficient form could no longer be used."). As explained herein, because Antennatech's Complaint does not even satisfy the minimum Form 18 standard, it cannot meet the heightened standards of *Twombly* and *Iqbal*.

> Rule 12(e) has been interpreted to make relief available where a pleading is unintelligible, *see CFMT, Inc. v. YieldUp Int'l Corp.*, 1996 U.S. Dist. LEXIS 22795, 1996 WL 33140642, at *1 (D. Del. Apr. 5, 1996), or the issues cannot be determined, *see Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 536 (D. Del. 1962); *Container Co. v. Carpenter Container Corp.*, 8 F.R.D. 208, 210 (D. Del. 1948).

*St. Clair Intellectual Prop. Consultants v. Apple Inc.*, No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280, at *5-6 (D. Del. Sept. 30, 2011). While Rule 12(e) motions are disfavored when the information sought is more appropriate for disclosure via the ordinary discovery procedures, *id.*, relief under Rule 12(e) is properly granted when a complaint is so vague as to the basis of the claim that a defendant would be "required to guess" how it is infringing. *Cf. Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.*, 26 F.R.D. 141, 143 (D. Del. 1960) (holding that plaintiff's failure to identify which trademarks were infringed by defendant put defendant in a position of being unable to "in good faith, answer the plaintiff's allegation"). The fact that discovery will be taken that might reveal the intended meaning of a vague pleading "is not a bar to a 12(e) motion." *Id.*

## III. ARGUMENT

As explained above, a patent infringement complaint must clearly and meaningfully identify what conduct, products, and services are accused. Antennatech's Complaint does not even come close. Aside from not identifying which distinct actions of infringement (e.g., "using" vs. "importing") are being accused, Antennatech's complaint does not identify even a general category or genre of products or services that is believed to infringe (e.g., "cash registers"). Is Antennatech's Complaint directed to a specific piece of hardware with NFC-capability that Macy's allegedly sells or imports? An electronic device or computer server system that Macy's allegedly uses? A component of its online shopping service that Macy's allegedly offers to its customers? All of the above? One cannot answer these fundamental

4

questions of Antennatech's lawsuit from the Complaint as written, but the answers to these questions must be apparent from the Complaint for Macy's to even begin properly defending itself in this lawsuit. For these reasons, the Complaint must be dismissed or Antennatech must be ordered to clarify its pleading.

    A. <u>Antennatech's Complaint Fails to Adequately State a Claim and Should be Dismissed</u>

Antennatech's mere mention of "products or services" with reference to a general technological field (near-field communication) does not put Macy's on notice of what is accused. *See Eidos Communs., LLC v. Skype Techs. SA,* 686 F. Supp. 2d 465, 467 (D. Del. 2010) ("Plaintiffs were obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods"). The threshold is not high to provide adequate information in one's pleadings. *See, e.g., Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 354 (D. Del. 2010) (holding it sufficient that "plaintiff at bar has identified general categories of accused products—processors, chipsets, and motherboards—in its infringement allegations"). But Antennatech fails to satisfy even this minimal burden.

This Court has a history of dismissing other bare-bones complaints like Antennatech's. In this Court's decision in *Eidos*, the complaint accused "communication system products and/or methodologies" of infringement. *Eidos*, 686 F. Supp. 2d at 466. While Form 18 would deem even "a general product category" such as "electric motors" sufficient, the above language did not provide adequate notice of the infringement and so the Court dismissed the complaint pursuant to Rule 12(b)(6). *Id.* at 467. In *Eidos*, the complaint at issue's reference to "communication system products and/or methodologies" was deemed to "not specify a product or method at all." *Id.* at 467-468. Just as "communication system products and/or services" was fatally deficient in *Eidos*, Antennatech's accusation of "products or services that, among other

5

features, facilitate near-field communication ('NFC')" does not even identify a "general product category." Rather, as in *Eidos*, "these are examples of large technology areas, not genres of products as contemplated by Form 18." *Id.* at 468.

This Court similarly dismissed a patent infringement complaint in *Fifth Mkt., Inc. v. CME Group, Inc.* for failure to allege, "allege, in general terms, an infringing product." No. 08-520-GMS, 2009 U.S. Dist. LEXIS 108776, at *3 (D. Del. May 14, 2009). In that case, the plaintiff's alleged that the "defendants have infringed the asserted patents by 'making, using, selling, and/or offering for sale products and methods covered by the claims of' the asserted patents." *Id.* The complaint was dismissed for failure to "contain any reference to a single infringing product or method," even though a reference to one of the defendant's products was found in the facts section of the complaint. *Id.* at *3-4. In this case, Antennatech has pleaded no more specifically than Fifth Market did—the present Complaint only refers to "products or methods" and then parrots claim language. As with *Eidos*, the reasoning of *Fifth Market* would warrant dismissal of Antennatech's complaint.

In *Prism Techs., LLC v. AT&T Mobility, LLC,* the court dismissed a complaint accusing "various wireless products and data services that implement authentication systems and methods for controlling access to protected computer resources" for being too broad to satisfy Form 18. No. 8:12-cv-122, 2012 U.S. Dist. LEXIS 126630, at *2-3 (D. Neb. Sept. 6, 2012). The court reasoned that "here, Prism has not named any of the 'various wireless products' at all," and that "the term 'wireless products' is considerably more generic than the term 'electric motor' as identified in Form 18." *Id.* at *10-12. Antennatech's reference to "products or services that, among other features, facilitate near-field communication ('NFC')" is tantamount to merely mentioning "wireless products," and is too generic to satisfy Rule 8.

6

Because Antennatech's Complaint fails to even mention a general category or genre of accused products or services, and thus does not even meet the minimal requirements of Form 18, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

B. <u>Alternatively, Antennatech Should be Ordered to Provide a More Definite Statement of the Accused Products or Services in its Complaint</u>

For essentially the same reasons argued above with respect to Rule 12(b)(6), Macy's believes that, at a minimum, Antennatech should be ordered, under Rule 12(e), to amend its Complaint to set forth a more definite statement alleging what Macy's has done that allegedly infringes.

Macy's is not seeking evidence of the alleged infringement, statements concerning how Antennatech construes its claims, or any other subject that is the proper subject of discovery. Rather, Macy's seeks, and is entitled to, averments in the Complaint to make clear what conduct, products, or services Antennatech believes infringes its patent. *Cf. Lincoln Laboratories*, 26 F.R.D. at 143 ("Defendant at this point in the litigation does not seek evidence. Defendant wants, rather, the specific marks he is charged with purloining. Item 5 of defendant's motion should, therefore, be granted."). Short of dismissal, Macy's at least deserves a reasonably clear and focused statement of the scope of Antennatech's allegations. As with Rule 12(b)(6), the threshold for complying with Rule 12(e) is not high, but Antennatech's Complaint does not meet it. *Applera Corp. v. Thermo Electron Corp.*, No. 04-1230, 2005 U.S. Dist. LEXIS 48424, at *3-4 (D. Del. Feb. 25, 2005) (finding identification of accused product as "mass spectrometer systems" sufficiently clear for purposes of Rule 12(e)).

## IV. CONCLUSION

For the foregoing reasons, Macy's respectfully requests that Antennatech's Complaint be dismissed. Alternatively, Antennatech should be ordered to amend its Complaint to provide a more definite statement of its infringement allegations.

Dated: May 30, 2014

*Of counsel:*

Daniel H. Brean
Kent E. Baldauf, Jr.
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
(412) 471-8815

    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendant Macy's, Inc.*