IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTENNATECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:14-cv-501-GMS |
| | ) |
| MACY'S, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

# PLAINTIFF ANTENNATECH, LLC'S OPPOSITION TO DEFENDANT MACY'S, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

Stamatios Stamoulis #4606
  stamoulis@swdelaw.com
Richard C. Weinblatt #5080
  weinblatt@swdelaw.com
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Attorneys for Plaintiff*
*Antennatech, LLC*

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ..........................................................1

II. SUMMARY OF ARGUMENT ..................................................................................1

III. STATEMENT OF FACTS ..........................................................................................2

IV. ARGUMENT ...............................................................................................................3

    A. Legal Standard ................................................................................................3

        1. Motion to Dismiss ..............................................................................3

        2. Motion for More Definitive Statement ..............................................4

    B. Antennatech's Complaint Satisfies Rule 12(b)(6) ..........................................5

    C. Antennatech's Complaint Satisfies Rule 12(e) ...............................................7

V. CONCLUSION ............................................................................................................8

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Applera Corp. v. Thermo Electron Corp.*, No. Civ.A. 04-1230(GMS),
  2005 WL 524589 (D. Del. Feb. 25, 2005) .............................................................. 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 3, 4

*CFMT, Inc. v. YieldUp Int'l Corp.*, No. CIV. A. 95-549-LON, 1996 WL
  33140642 (D. Del. Apr. 5, 1996) ............................................................................ 4

*Eidos Communications, LLC v. Skype Technologies SA*, 686 F. Supp.
  2d 465 (D. Del. 2010) ......................................................................................... 6, 7

*Eidos Communications, LLC v. Skype Technologies SA*, Civ. No. 09-
  234-SLR, 2010 WL 4642062 at *3 (D. Del. Nov. 9, 2010) .................................... 8

*Erickson v. Pardus*, 551 U.S. 89 (2007) ......................................................................... 3

*Fifth Mkt., Inc. v. CME Group, Inc.*, Civ. No. 08-520-GMS, 2009 WL
  5966836 (D. Del. May 14, 2009) ............................................................................ 6

*Holmes v. Colonial Sch. Dist.*, Civ. Action No. 09-795-GMS, 2010 WL
  4918721 (D. Del. Nov. 24, 2010) ........................................................................... 4

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d
  1277 (Fed. Cir. 2013) ......................................................................................... 5, 6

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) ...................................... 5

*Odd v. Malone*, 538 F.3d 202 (3d Cir. 2008) ................................................................... 3

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ................................... 3, 4

*Prism Technologies, LLC v. AT&T Mobility, LLC*, No. 8:12CV122,
  2012 WL 3867971 (D. Neb. Sept. 6, 2012) ............................................................ 7

*R2 Technology, Inc. v. Intelligent Systems Software, Inc.*, No. Civ.A.
  02-472-GMS, 2002 WL 31260049 (D. Del. Oct. 9, 2002) ..................................... 4

*S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Elec.
  Materials, Inc.*, Civ. No. 08-292–SLR, 2009 WL 423989 (D.
  Del. Feb. 20, 2009) ................................................................................................. 6

*Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795 (3d Cir. 1967) .............................. 4

*Xpoint Technologies., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010) ........................................................................................................ 5

**Statutes**

35 U.S.C. § 271 ..................................................................................................................... 5

**Rules**

FED. R. CIV. P. 12 .................................................................................................................. 3

I.      **NATURE AND STAGE OF PROCEEDINGS**

On April 18, 2014, Plaintiff Antennatech, LLC ("Antennatech") filed a complaint for patent infringement against Defendant Macy's, Inc. ("Macy's"). (D.I. 1.) The Court granted an extension of time for Macy's to respond to the Complaint (D.I. 6), and Macy's filed its Motion to Dismiss or, Alternatively, for a More Definite Statement on May 30, 2014. (D.I. 8.) Antennatech submits this opposition to Macy's Motion.

II.     **SUMMARY OF ARGUMENT**

1.     Macy's Motion should be denied because it ignores (a) the federal notice pleading standards, (b) precedential rulings concerning the sufficiency of the model patent infringement complaint (Form 18) in the Appendix of Forms for the Federal Rules of Civil Procedure, and (c) the fact that discovery and the local patent rules – not a Rule 12 motion – are the proper vehicles for obtaining additional details regarding the infringement claims.

2.     The Complaint identifies a specific category of Macy's products and services – those that "facilitate near-field communication ('NFC') with a communication device that has a radiative antenna configured for NFC communication." Macy's incorrectly asserts that "Antennatech's complaint does not identify even a general category or genre of products or services that is believed to infringe" (D.I. 9 at 7), and its Motion should be denied.

3.     Antennatech incorporated more information than required by the exemplary Form 18 that has been held to be sufficient in this Court and the Federal Circuit. Antennatech identified and attached the asserted patent and even provided an exemplary infringed claim. To meet notice pleading standards, a patent infringement complaint need not do more than identify the asserted patents and the specific product

categories accused of infringement; Form 18 does not require a description of the patented technology, identification of the asserted claims or a detailed description of the infringement. Under the Federal Rules of Civil Procedure, as repeatedly interpreted by this Court, the Federal Circuit and the Supreme Court, the Complaint filed by Antennatech exceeded the requirements of notice pleading for a patent infringement action.

### III. STATEMENT OF FACTS

On April 18, 2014, Antennatech filed its Complaint against Macy's, accusing Macy's of infringing the '131 patent. (D.I. 1.) Antennatech's Complaint recites the relevant details of the alleged infringement to provide notice to Macy's in a simple, direct and concise manner appropriate for notice pleading.

The Complaint recited that Antennatech owns the patent-in-suit (D.I. 1 at ¶ 8), it identified Macy's as the infringer (*id.* at ¶ 2), and it cited to the applicable federal patent law (*id.* at ¶ 3), and basis for jurisdiction (*id.* at ¶¶ 4-5). The Complaint identified the patent at issue by patent number. (D.I. 1 at ¶ 7.) It also attached the patent as an exhibit, and the attachment provides substantial detail as to the nature of the invention and the scope of the claims as approved by the U.S. Patent and Trademark Office ("USPTO"). (*Id.*) The complaint also alleged the direct infringing activity for the patent at issue (*Id.* at ¶ 10) and identified Macy's "products or services that, among other features, facilitate near-field communication ('NFC') with a communication device that has a radiative antenna configured for NFC communication" as infringing. (*Id.* at ¶ 10.)

Contrary to Macy's assertions, the Complaint does not accuse "'unspecified 'products or services'" of infringing the asserted patent. (D.I. 9 at 1.) Instead it describes the means by which Macy's products or services infringe – by facilitating NFC with a

communication device that has a radiative antenna configured for NFC communication. Macy's has not argued that it does not understand what NFC is or how NFC works.[1] In addition, the attachment of the patent-at-issue to the Complaint provides substantial detail concerning the invention and the claimed technology, which the USPTO has examined and deemed to particularly point out and distinctly claim what the patent covers. 35 U.S.C. §112.

## IV. ARGUMENT

### A. Legal Standard

#### 1. Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in a complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008). Courts also are to "determine, whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotation and citation omitted).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (interpreting Fed. R. Civ. P. 8(a)) (quotations omitted). Detailed and "[s]pecific facts are not necessary . . . ." *Erickson*, 551 U.S. at 93. A complaint may be dismissed only if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the

---

[1] NFC permits devices to establish radio communication with each other by touching them together or bringing them into close proximity. It is a narrow subset of radio communication.

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In sum,

> "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

*Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

### 2. Motion for More Definitive Statement

Rule 12(e) permits a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). It is within a court's discretion whether to grant or deny a motion for a more definite statement. *See Holmes v. Colonial Sch. Dist.*, Civ. Action No. 09-795-GMS, 2010 WL 4918721, at *1 (D. Del. Nov. 24, 2010). However, such motions are generally viewed with disfavor, *R2 Technology, Inc. v. Intelligent Systems Software, Inc.*, No. Civ.A. 02-472-GMS, 2002 WL 31260049 at *2 (D. Del. Oct. 9, 2002), and "courts have interpreted this rule to mean that the motion should only be granted where the pleading is unintelligible." *Applera Corp. v. Thermo Electron Corp.*, No. Civ.A. 04-1230(GMS), 2005 WL 524589 at *1 (D. Del. Feb. 25, 2005). "If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted." *CFMT, Inc. v. YieldUp Int'l Corp.*, No. CIV. A. 95-549-LON, 1996 WL 33140642 at *1 (D. Del. Apr. 5, 1996).

### B. Antennatech's Complaint Satisfies Rule 12(b)(6)

A cause of action for direct infringement of a patent arises under 35 U.S.C. § 271(a). 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent."). "[A] patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend" to state a claim of direct infringement. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n.10). Further, the Federal Circuit held that Federal Rules of Civil Procedure Form 18 (2009) meets the *Twombly* pleading standard for a direct infringement claim. *Id.* at 1356-57. "[T]o the extent that any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control" and a plaintiff is not required to identify the accused instrumentality by name. *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283-84, 1286 (Fed. Cir. 2013) (rejecting defendants' argument that the plaintiff's failure to identify by name, model number, or otherwise, specific devices or products that infringe the patents-in-suit is fatal to the complaints).

In *Xpoint Technologies., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), the Court held:

> As this court has previously held, ***it is not necessary to identify specific products, i.e. model names***, but plaintiffs pleadings must mimic Form 18 and identify a general category of products.
>
>     \*    \*    \*    \*    \*
>
> A plaintiff is not required to specifically include each element of the asserted patent's claims or even identify which claims it is asserting; nor is it required to describe how the allegedly infringing products work.

*Id.* at 353 (emphasis added) (citations omitted).

In addition, the Court also rejected a motion to dismiss a complaint that alleged the defendant who was involved in the silicon on insulator business

> makes, sells, and/or offers for sale silicon on insulator ("SOI") wafers and other engineered semiconductor substrates (the "MEMC Products") in the United States; "[o]n information and belief, MEMC manufactures MEMC Products using a method which infringes one or more claims of [the Bruel and Aspar patents.]" (D.I. 1 at ¶¶ 12, 14, 18, 22) *No particular products are specified nor manufacturing details provided.*

*S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*, Civ. No. 08-292-SLR, 2009 WL 423989 at *1 (D. Del. Feb. 20, 2009) (emphasis added).

Macy's challenges Antennatech's infringement allegation by ignoring the express language found in the Complaint. The Complaint accuses a specific category of Macy's products and services – those *that "facilitate near-field communication ('NFC') with a communication device that has a radiative antenna configured for NFC communication."* (D.I. 1 at ¶ 8.) Just like in *K-Tech*, Macy's knows what that patent-in-suit claims and it knows what the accused products or services do. The allegation does not, as Macy's contends, fail "to even mention a general category or genre of accused products or services." (D.I. 9 at 7). The allegation is not a blanket assertion to cause Macy's to believe that all of its products or services infringe; thus, Antennatech's Complaint is sufficient. See *K-Tech*, 714 F.3d at 1287.

Macy's also relies on cases that are distinguishable from this case. In *Fifth Mkt., Inc. v. CME Group, Inc.*, Civ. No. 08-520-GMS, 2009 WL 5966836 (D. Del. May 14, 2009), the Court found the complaint deficient because it alleged "products and methods covered by the claims of the asserted patents" without describing "a single infringing product or method." *Id.* at *1. In *Eidos Communications, LLC v. Skype Technologies SA*, 686 F. Supp. 2d 465 (D. Del. 2010), the complaint failed to specify a general class of

6

products or a general identification of the methods accused of infringement. *Id.* at 469. Similarly, in *Prism Technologies, LLC v. AT&T Mobility, LLC*, No. 8:12CV122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012), the complaint's asserting "various wireless products and data services" of infringement" covered essentially the defendant's entire business, "leaving [the defendant] with no notice as to how it allegedly infringes." *Id.* at *5.

Unlike the infringement allegations in *Fifth Mkt.*, *Eidos* and *Prism Technologies*, Antennatech's infringement allegation describes the class of infringing products and services – those that facilitate NFC with a communication device that has a radiative antenna configured for NFC communication – and does not cover essentially Macy's entire business.[2]

### C. Antennatech's Complaint Satisfies Rule 12(e)

Because the Complaint provides sufficient notice of the infringement accusation, under the law, the alternative motion for a more definite statement also should be denied. Macy's opening brief does not point out any other alleged defects and/or details desired other than those discussed above in relation to the purported pleading deficiency. Moreover, Macy's is capable of answering the Complaint concerning the infringement of the recited patent by the products and services identified in the Complaint, as other similarly situated defendants already have done. As stated by Judge Robinson:

> Relief under Rule 12(e) should be limited to allegations in a complaint which are so ambiguous that a defendant is unable to determine the issues

---

[2] According to Macy's, "[c]ountless unique products are sold by Macy's. Macy's also uses a wide variety of technology products, systems, and services to facilitate its brick-and-mortar and online businesses for purposes such as inventory logistics, customer account management, and payment processing." (D.I. 9 at 1.) Macy's knows which of these products, systems and services facilitate NFC with a communication device that has a radiative antenna configured for NFC communication. To argue otherwise is disingenuous.

> he must meet. Parties should resort to the methods provided by Rules 26 to 37 for securing detailed or particular information in regard to claims asserted against them, rather than the more cumbersome procedure under Rule 12(e).

*Eidos Communications, LLC v. Skype Technologies SA*, Civ. No. 09-234-SLR, 2010 WL 4642062 at *3 (D. Del. Nov. 9, 2010). Therefore, this Court should likewise deny Macy's motion, in the alternative, for a more definite statement. Nevertheless, if this Court deems any portion of the Complaint to be lacking in any respect, Antennatech respectfully requests that it be provided leave to file an amended complaint or be required to provide a more definite statement.

## V. CONCLUSION

For the foregoing reasons, Macy's Motion should be denied.

Dated: June 16, 2014                                    STAMOULIS & WEINBLATT LLC

                                                        */s/ Richard C. Weinblatt*
                                                        Stamatios Stamoulis #4606
                                                            stamoulis@swdelaw.com
                                                        Richard C. Weinblatt #5080
                                                            weinblatt@swdelaw.com
                                                        Two Fox Point Centre
                                                        6 Denny Road, Suite 307
                                                        Wilmington, DE 19809
                                                        Telephone: (302) 999-1540

                                                        *Attorneys for Plaintiff*
                                                        *Antennatech, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2014, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

          */s/ Richard C. Weinblatt*
          Richard C. Weinblatt #5080