IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTENNATECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-00501 GMS |
| | ) | |
| MACY'S, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### DEFENDANT MACY'S, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, <u>FOR A MORE DEFINITE STATEMENT</u>

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Of Counsel:*

Daniel H. Brean
Kent E. Baldauf, Jr.
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
412.471.8815

*Attorneys for Defendant Macy's, Inc.*

Dated: June 23, 2014

# TABLE OF CONTENTS

I. ANTENNATECH'S COMPLAINT FAILS TO STATE A CLAIM SATISFYING RULE 8 AND FORM 18 .................................................................................................. 1

II. AT A MINIMUM, ANTENNATECH SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS INFRINGEMENT ALLEGATIONS .................. 5

III. CONCLUSION ........................................................................................................ 6

# TABLE OF AUTHORITIES

**CASES**

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ............................................................................................................ 5

*Eidos Communications, LLC v. Skype Technologies SA*,
   Civ. No. 09-234-SLR, 2010 WL 4642062 (D. Del. Nov. 9, 2010) ........................................... 5

*Eidos Communs., LLC v. Skype Techs. SA,*
   686 F. Supp. 2d 465 (D. Del. 2010) .................................................................................... 1, 2

*Fifth Mkt., Inc. v. CME Group, Inc.*,
   No. 08-520-GMS, 2009 U.S. Dist. LEXIS 108776 (D. Del. May 14, 2009) .............................. 2

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013) ........................................................................................... 3, 4

*Prism Techs., LLC v. AT&T Mobility, LLC*,
   No. 8:12-cv-122, 2012 U.S. Dist. LEXIS 126630 (D. Neb. Sept. 6, 2012) ........................... 3, 4

*S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*,
   No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155 (D. Del. Feb. 20, 2009) ................................. 2

*Xpoint Technologies., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ....................................................................................... 2

**RULES**

Fed. R. Civ. P. 26 (b)(1) .............................................................................................................. 4

Macy's hereby replies to Antennatech's opposition (D.I. No. 12, "Ant. Br.") to Macy's' motion to dismiss or for a more definite statement (D.I. 9, "Macy's Br.").

## I. ANTENNATECH'S COMPLAINT FAILS TO STATE A CLAIM SATISFYING RULE 8 AND FORM 18

Antennatech points to nothing in its complaint that identifies even a general product or service category that is accused of infringement. Throughout its brief, Antennatech merely parrots its vague averment from its complaint that unspecified "products or services" relating to near-field communication ("NFC") technology infringe. Ant. Br. at 2, 6. There is a difference between alluding to all products or services within a technological field and identifying a general category of products or services. The former type of assertion is what is contained in Antennatech's complaint, and it fails to satisfy Rule 8. Averring that "products or services" within a technological field infringe does not meet even the minimal threshold of Form 18. *Eidos Communs., LLC v. Skype Techs. SA,* 686 F. Supp. 2d 465, 467-68 (D. Del. 2010) (requiring identification of a "general product category" and deeming "communication system products and/or methodologies" insufficient to satisfy Rule 8); *see generally* Macy's Br. at 5-7.

Most of Antennatech's brief stands on the shoulders of a straw man. Specifically, Antennatech suggests that Macy's reads the law to require a complaint to list specific product names and model numbers. Ant. Br. at 5-6 (citing cases holding that "model names" "particular products," and "manufacturing details" are not required to satisfy Rule 12(b)(6)). Macy's never took this position because that is not the law. Macy's' motion would require only the identification of a general product category such as "electric motors"—not a vague allusion such as "products or services that use electricity"— in the complaint. Macy's Br. at 5; *Eidos*, 686 F. Supp. 2d at 467 (explaining that "electric motors" is an acceptable general product category for purposes of pleading direct infringement). Indeed, the two cases that Antennatech cites both

1

included general product categories analogous to Form 18's example of "electric motors" in the complaints. *Xpoint Technologies., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353-54 (D. Del. 2010) (complaints accused "processors," "chipsets," and "motherboards"); *S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*, No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155, at *3 (D. Del. Feb. 20, 2009) (complaint accused "silicon on insulator ('SOI') wafers and other engineered semiconductor substrates"). Again, even this modicum of precision is lacking in Antennatech's complaint against Macy's.

Antennatech's half-hearted attempts to distinguish the cases relied on by Macy's all fail. Regarding *Eidos*, where the averment accusing "communication system products and/or methodologies" is virtually identical to Antennatech's accusing "products or services that, among other features, facilitate near-field communication ('NFC')," Antennatech merely notes that in *Eidos* the complaint "failed to specify a general class of products or a general identification of the methods accused of infringement." Ant. Br. at 6-7. This recitation of *Eidos*'s holding identifies no meaningful distinctions between the two averments because there are none.

Antennatech similarly fails to grapple with the fact that the complaint in *Fifth Mkt., Inc. v. CME Group, Inc.* was dismissed even though it explicitly named one of the defendant's products in the facts section of the complaint—a level of detail exceeding that of Antennatech's averments. No. 08-520-GMS, 2009 U.S. Dist. LEXIS 108776, at *3-4 (D. Del. May 14, 2009); Ant. Br. at 6. Antennatech also does not respond to Macy's' point that the instant complaint merely paraphrases the claim language instead of identifying a product category, much like the *Fifth Market* complaint merely accused "products and methods covered by the claims of the asserted patents." 2009 U.S. Dist. LEXIS 108776, at *3 (internal quotation marks omitted);

Macy's Br. at 6. Alluding to the claim language is not a substitute for identifying an accused product category.

As for *Prism Techs., LLC v. AT&T Mobility, LLC*, Antennatech's only comment is that the complaint's accusation of "various wireless products and data services" there "covered essentially the defendant's entire business." No. 8:12-cv-122, 2012 U.S. Dist. LEXIS 126630, at *2-3 (D. Neb. Sept. 6, 2012); Ant. Br. at 7. But the outcome in *Prism* stemmed from its broader holding that "the term 'wireless products' is considerably more generic than the term 'electric motor' as identified in Form 18." 2012 U.S. Dist. LEXIS 126630, at *11-12. Antennatech's accusation here is no more specific than the reference to "wireless products" as in *Prism*.

Finally, Antennatech blames Macy's for failing to understand Antennatech's vague allegations of infringement. It accuses Macy's of being "disingenuous," contending (with no support whatsoever) that "Macy's knows" which of its products allegedly infringe. Ant. Br. at 7, n. 2. As was previously explained, Macy's offers many products and services to its customers. Macy's Br. at 1. Macy's is not suggesting that it is entirely ignorant of the products and services it offers, as Antennatech implies. But just because Antennatech's complaint "is not a blanket assertion to cause Macy's to believe that *all* of its products or services infringe" does not mean that the complaint is sufficiently precise to satisfy Rule 8 and Form 18. Ant. Br. at 6 (emphasis added). While Antennatech cites *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.* for this overbroad proposition (Ant. Br. at 6), unlike the telecommunication company defendants Time Warner and DirecTV in that case, Macy's is fundamentally a retailer, not a technology company. 714 F.3d 1277, 1283-84, 1286 (Fed. Cir. 2013).

Macy's does not manufacture electronics or network system components, but at most sells such categories of devices or uses them for their intended purposes. A company in the

3

business of making NFC devices might be on notice to identify the "products or services" accused by Antennatech with reference to the patent, just as in *K-Tech* the defendants were deemed to be on notice of infringement from an averment accusing "systems and methods for modifying a major channel number, a minor channel number, and/or a carrier frequency to identify a television program." *Id.* at 1281-1282, 1287 ("DirecTV and TWC know what K-Tech's patents claim, and they know what K-Tech asserts their systems do, and why.").[1] Because Macy's is not a NFC technology company, it would be inappropriate to presume that Macy's can discern the scope of conduct accused by Antennatech. *See* Macy's Br. at 4-5 (questioning whether Antennatech's complaint is directed to, for example, "a specific piece of hardware with NFC capability that Macy's allegedly sells or imports;" "[a]n electronic device or computer server system that Macy's allegedly uses"; or "[a] component of its online shopping service that Macy's allegedly offers to its customers").

Even if Macy's could make an educated guess (and happen to be correct) as to what is accused based on the complaint, it would be reading Antennatech's mind and making assumptions not warranted by the public record of this lawsuit. Deeming that guesswork adequate would render Rule 8 and Form 18 meaningless. Unless the *complaint* is sufficiently precise so as to establish a record and notice of what is accused, the important facts and litigation positions available to Macy's will be unclear and the proper scope of discovery will be obscured. *See* Fed. R. Civ. P. 26 (b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.").

---

[1] A similar argument can be made with respect to *Prism*, where defendant AT&T was unable to discern what "wireless products" were accused. 2012 U.S. Dist. LEXIS 126630, at *2-3. If telecommunications company AT&T, which has a core business of selling wireless devices, cannot be deemed to know what wireless products it offered that were implicated by the Internet data access patents in that case, surely Macy's cannot be expected to divine the scope of Antennatech's complaint as to NFC technology that is far more ancillary to Macy's' business.

As the Supreme Court has explained, forms such as Form 18 for pleading direct infringement exist so that defendants "know what to answer" because "a defendant seeking to respond to . . . conclusory allegations . . . would have little idea where to begin." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1971 (2007). Here Macy's cannot know where to begin from the conclusory *pro forma* averments in the complaint. Absent a more precise identification of at least a general category of products or services, Antennatech's complaint fails to satisfy Rule 8, as well as Form 18, and must be dismissed.

**II. AT A MINIMUM, ANTENNATECH SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS INFRINGEMENT ALLEGATIONS**

Antennatech suggests that Macy's' bases for its Rule 12(e) motion are the proper subject of discovery and do not rise to the level of ambiguity warranting a more definite statement. For the reasons set forth above and in Macy's' opening brief, the mere mention of NFC "products or services" in Antennatech's complaint is in fact "so ambiguous that [Macy's] is unable to determine the issues [it] must meet." Ant. Br. at 7-8 (quoting *Eidos Communications, LLC v. Skype Technologies SA*, Civ. No. 09-234-SLR, 2010 WL 4642062, at *3 (D. Del. Nov. 9, 2010)). Macy's is not seeking more "detailed or particular information in regard to claims asserted against [it]," but is seeking the identity of the claim itself. *Id.* Macy's' motion does not ask for all asserted claims to be identified, for detailed infringement contention charts, or anything else that is the proper subject of discovery. Macy's Br. at 7. It only modestly requests that it be given notice of the general categories of products or services that are accused of infringement so that it can meaningfully and fully answer the complaint, making a clear record of which averments are admitted and which are denied.

### III. CONCLUSION

For the foregoing reasons, as well as those in Macy's' opening brief, Macy's respectfully requests that Antennatech's complaint be dismissed. Alternatively, Antennatech should be ordered to amend its Complaint to provide a more definite statement of its infringement allegations.

Dated: June 23, 2014                                    Respectfully Submitted,

                                                           */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Of Counsel:*

Daniel H. Brean
Kent E. Baldauf, Jr.
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
412.471.8815

*Attorneys for Defendant Macy's, Inc.*